IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MOUHAMADOU MOUSTAPHA BA,**
**ALIEN # A72-186-776,**

    **Petitioner,**

vs.                                           Case No. 4:07cv307-SPM/WCS

**ALBERTO GONZALES,**
**MICHAEL CHERTOFF,**
**MICHAEL ROZOS,**
**DAVID WING, DAVID HARVEY,**
**and the DEPARTMENT OF**
**HOMELAND SECURITY et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on July 10, 2007, with the filing of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Service was directed, doc. 4, and the Government filed an Answer asserting that Petitioner's continued detention is lawful, that the petition was filed prematurely, and that Petitioner has not shown that "there is no significant likelihood of accomplishing removal in the reasonable foreseeable future . . . ." Doc. 9, pp. 5-7. That response was filed on September 14, 2007. Doc. 9. An order was entered on September 25, 2007, reminding Petitioner that

he had "a limited period of time in which to file a reply, if desired, to the answer or response to the petition" and setting a deadline of October 17, 2007. Doc. 10. Petitioner has not replied, but on November 28, 2007, Petitioner filed a notice of change of address, advising that he had been transferred to the Detention Center in Moore Haven, Florida, but was still being held by the Department of Homeland Security. Doc. 12.

**Claim of the § 2241 Petition and supporting Facts**

Petitioner seeks release from detention under the authority of Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), which held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699, 121 S.Ct. 2491. Petitioner filed the § 2241 petition on July 10, 2007, doc. 1, claiming to have entered immigration custody on October 30, 2006, and that he was ordered removed two months later on December 28, 2006. *Id.*, at 1-2. By the time he submitted the petition in July, he alleged having been in detention for nine months, although that time is more appropriately calculated as just over six months from the date of the order of removal. Doc. 1.

Respondents have shown, however, that Petitioner was ordered removed on December 28, 2006.[1] Doc. 9, p. 3; *see* doc. 9, exhibit C (doc. 9-2, p. 8)[2] However,

---

[1] This fact is not contradicted in the § 2241, nor has it been disputed by Petitioner since he failed to file a reply to the answer.

[2] Hereafter, all references to exhibits are to those attached to document 9. References are to the paper copy and page number, followed by a reference in parenthesis to the corresponding document and page in the electronic docket. Both citations are referenced as pro se litigants are unable to access the electronic docket.

Petitioner filed an appeal to the Board of Immigration Appeals.  Doc. 9, p. 4; Exhibit D (doc. 9-2, pp. 12-13).  The appeal was dismissed on April 9, 2007.  *Id.*

**Analysis**

Respondents urge that the petition should be denied because it was prematurely filed.  Doc. 9, p. 5.  In Zadvydas v. Davis, the Court "held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Zadvydas, 533 U.S. at 701, 121 S.Ct. 2491, *explained in* Clark v. Martinez, 543 U.S. 371, 377-378, 125 S.Ct. 716, 722 (2005).  The six months period of time is calculated from the time a removal order becomes "final."  Clark, 125 S.Ct. at 728; *see also* Benitez v. Wallis, 402 F.3d 1133, 1135 11th Cir. 2005).  Pursuant to § 1231(a)(1)(B), the removal period does not begin to run until the latest of:

> (1) The date the order of removal becomes administratively final.
>
> (2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (3) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  As the Eleventh Circuit concluded in Akinwale v. Ashcroft that the "six-month period [ ] must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas."  Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).  In Akinwale, the petitioner filed the § 2241 petition after having been in detention for only four months.  *Id.*, at 1051.  It is not enough that the period of time expired by the time the petition is ruled on the by the court, the Zadvydas period

must have expired before the petition is filed.  287 F.3d at 1051-52.  This case is controlled by Akinwale.  Petitioner filed this case on July 10, 2007, which is only three months and one day beyond the final order of removal.  Thus, as a matter of law, the petition must be dismissed as it was prematurely filed.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition filed by **MOUHAMADOU MOUSTAPHA BA,** doc. 1, be **DISMISSED** because it was prematurely filed and because Petitioner failed to demonstrate that he was entitled to relief pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2008.


  s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**